UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| WAYMON D. THOMAS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00076-SEB-DML |
| | ) | |
| CHARLES S. MURPHY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Waymon D. Thomas, Jr., an inmate at Miami Correctional Facility, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights while he was an inmate at the Jackson County Jail. The defendant moved for summary judgment. Mr. Thomas has not responded and the time to do so has passed. The motion is now ripe for review. For the reasons explained in this Order, the defendant is entitled to summary judgment on all of Mr. Thomas's claims.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse

party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary

judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II.
## Factual Background

The consequence of Mr. Thomas's failure to respond to the motion for summary judgment is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

On March 19, 2018, the Jackson County Jail Commander, Charles Murphy, ordered that Mr. Thomas be placed in segregation for violating jail rules. Defendant Brad Freeman escorted Mr. Thomas into the Jail's property room so that Mr. Thomas could change into a red jumpsuit which was the required uniform for segregated inmates. Dkt. 28-3. Mr. Thomas and Mr. Freeman were in the property room for a little over two minutes. The incident was recorded on video. The defendant provided the video to the Court and the Court has reviewed it. Dkt. 30.

In the video, Mr. Thomas removes his striped jumpsuit and places it in his property tote. He then asks, "you're saying I can't have whites?" Mr. Freeman responds, "no, he said no whites." Mr. Thomas then removes his boxer shorts and socks and Mr. Freeman hands him the red jumpsuit

to put on. While putting on the jumpsuit, Mr. Thomas asks again, "you're sure he said no whites?" Mr. Freeman responds that Mr. Thomas cannot have whites, meaning his boxer shorts. Mr. Freeman fills out an identification tag to place with Mr. Thomas's property. Mr. Thomas places his tennis shoes into the property tote and both men leave the property room.

## III.
## Discussion

The defendant recognizes that Mr. Thomas was a pretrial detainee at the time of the incident. Therefore, the claim of whether Mr. Freeman subjected Mr. Thomas to cruel and unusual punishment is analyzed under the Fourteenth Amendment. "[A] pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2475 (2015); *see also King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (discussing strip search under Eighth Amendment and finding that authorities violate the constitution when they treat convicted prisoners in a way that is "motivated by a desire to harass or humiliate" or "intended to humiliate and cause psychological pain.") (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)).

As the nonmoving party, Mr. Thomas is entitled to all reasonable inferences in his favor drawn from the admissible evidence and otherwise undisputed facts. *See Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005). However, the Court must also "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). Here, the video evidence demonstrates that during the short time in which Mr. Thomas was nude in the property room Mr. Freeman glanced at Mr. Thomas twice, once to hand him the red jumpsuit and once when Mr. Thomas asked him a question.

Mr. Freeman's sworn affidavit states that he did not stay in the property room while Mr. Thomas changed for the purpose of humiliating Mr. Thomas or for Mr. Freeman's own gratification. Instead, Mr. Freeman stayed in the property room to ensure that Mr. Freeman did not access items in the property room which he was not authorized to access. Dkt. 28-3. Mr. Freeman's conduct was rationally related to the legitimate government objective of maintaining safety and security at the Jail. The video demonstrates that Mr. Freeman's actions were not excessive in relation to that purpose. Therefore, Mr. Freeman is entitled to summary judgment.

## IV.
## Conclusion

For the reasons stated in this Order, the defendant's motion for summary judgment, dkt. [26], is **granted**. Final judgment consistent with this Order and the screening Entry, dkt. 5, shall now issue.

**IT IS SO ORDERED**.

Date: 7/3/2019

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WAYMON D. THOMAS, JR.
984115
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Susan D. Bevers
LORENZO LAW OFFICE
sdbevers@jefflorenzo.com

Corey J. Dunn
KIGHTLINGER & GRAY LLP
cdunn@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com